```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LLOYD W. ADDISON                             CIVIL ACTION

VERSUS                                       NO: 12-0977

STEVE C. RADER, WARDEN                       SECTION: R(5)
```

**ORDER AND REASONS**

Before the Court is Lloyd Addison's petition for federal *habeas corpus* relief under Title 28, United States Code, Section 2254. The Magistrate Judge has recommended that Addison's petition be dismissed with prejudice.[1] The Court, having reviewed de novo the petition, the record, the applicable law, the Magistrate's Report and Recommendation (R&R), and the petitioner's objections thereto, hereby approves the R&R and adopts it as its opinion.

Petitioner objects to the R&R on the grounds that the Magistrate did not address petitioner's claim that his Fifth Amendment and *Miranda* rights were violated by the introduction of his post-arrest statement to police officers. This objection is meritless. The Magistrate spent four pages of the R&R responding to this claim.[2] She correctly deferred to the state court's factual conclusion that the arresting officers did in fact inform petitioner of his *Miranda* rights before questioning him, and she

---

[1]   R. Doc. 16.

[2]   *See id.* at 16-20.

correctly determined that the state court reasonably applied federal law in concluding that petitioner's post-arrest statement was voluntary.[3] Accordingly, Addison's petition is hereby dismissed with prejudice.

    Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[4] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

    Petitioner's application does not satisfy this standard. In order to succeed on his Fifth and Sixth Amendment claims, petitioner would have to show that the state court unreasonably

---

    [3]    *See id.* at 18-20 & n.24.

    [4]    Rules Governing Section 2254 Proceedings, Rule 11(a).

determined the facts of his case in light of the evidence presented, or that the court unreasonably applied clearly established federal law to those facts. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). As the Magistrate's exhaustive analysis demonstrates, petitioner cannot make such a showing with respect to any of his claims.

    For the foregoing reasons, the Court DENIES Addison's petition for federal habeas corpus relief and DENIES the issuance of a certificate of appealability.

    New Orleans, Louisiana, this __6th__ day of August, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE